ESTHER ROTHENBERG and JEROME ROTHENBERG et al., complainants-cross-appellants,

*v.*

FRANKLIN WASHINGTON TRUST Co. et al., defendants-appellants.

[Argued February term, 1942.  Decided April 23d, 1942.]

*Mr. Bernard Mindes,* for Esther Rothenberg.

*Mr. Israel B. Greene,* for Jerome Rothenberg.

*Mr. Harry Schaffer,* for Samuel A. Rothenberg, Jr.

*Mr. Milton M. Unger,* for Franklin Washington Trust Co.

*Mr. William H. Parry* and *Mr. Milton C. Tauder,* for Clara E. Rothenberg, Freda Jayson, Joseph H. Rothenberg and Sally Barnett.

*Mr. Emil A. Trautman,* for Franklin Mortgage and Title Guaranty Co.

The opinion of the court was delivered by

· BODINE, J.

This is a much litigated case. The conclusions of Vice-Chancellor Fielder, the basis of a previous appeal, are to be found reported in *127 N. J. Eq. 406*. The decision of this court is reported in *129 N. J. Eq. 361*.

The defendant's difficulties arose when, as trustee under an agreement with the late Samuel A. Rothenberg, it purchased from its affiliate mortgage company certain guaranteed bonds and mortgages for the trust estate. It had no authority so to do. This court affirmed the Vice-Chancellor in dismissing the bill of complaint as to Mrs. Rothenberg, because she had knowledge of the purchase of the questioned investments and was estopped by long acquiescence therein. This court, however, held that there was, as a general rule, no estoppel against infants and in the particular case, since there was no disclosure of improper dealing by the Trust Company in the previous accounting, the infants were not bound by their appearance through a guardian *ad litem*.

The court, however, reversed the decree as to the minors, Jerome and Samuel, and directed the Court of Chancery to ascertain and enforce their rights. This result led to a reversal of an award of counsel fees to the defendants, a reconsideration of the application of the guardian *ad litem* of Samuel Rothenberg for allowance of counsel fee and expenses of an accountant and otherwise. It also called for a reconsideration of an application of Jerome's counsel for similar awards. Thereafter, action was taken in the Court of Chancery upon the *remittitur* from this court.

The Franklin Washington Trust Company appeals: (1) From so much of the decree as directed the Trust Company to substitute cash for the improper investments; (2) from the refusal to take testimony as to the acquisition of the securities; (3) from the award of costs and counsel fees to the complainant Jerome, who had reached his majority when the litigation was started, and to the guardian *ad litem* of Samuel.

In answer thereto: (1) Assuming there will be no loss to

the trust estate by reason of the dealings by the trustee with its affiliate, still that action was improper and was condemned in the Court of Chancery and in this court so it may not be again open to question. The duty to substitute cash for the remaining securities was clear and the direction so to do was in accordance with our mandate.

(2) The refusal to take further proofs as to the acquisition of the securities was proper. The trustee made no disclosure at the previous hearing that the guardian *ad litem* at the time of earlier accounts had been informed of the circumstance that the questioned securities had been purchased from an affiliate with all convenient haste, when the proceeds of the life insurance trust became available. The accounts disclosed no such fact. The original decree in the Court of Chancery, reversed in this court, rested upon an estoppel which this court found would not bar the infants' rights. So we think the refusal was in accordance with the clear meaning expressed in our opinion.

(3) The award of costs and counsel fees was proper. Jerome and Samuel prevailed and counsel for the one and the guardian of the other were entitled to such allowances as were made in the exercise of a sound discretion, and we are not impressed with the argument that they should be less or more. Time spent is seldom a criterion of value in appraising the fairness of an award of a counsel fee. A house painter is paid by the hour. The artist by the value of his work. The lawyer is neither a mechanic nor an artist, but both factors enter into the determination of the value of his service. Time is wasted upon voluminous citations of authority when the questions briefed have been settled by well reasoned cases in this jurisdiction. Modern digests make simple the discovery of applicable legal principles.

One of the cross-appellants contends that the Trust Company having made a profit by dealing with its affiliate may not keep it. It is clear that it must account for profits. Having breached its trust, it is contended that it should restore the commissions received for its service. But its conduct in the purchase of securities from its affiliate, since no loss was suffered and the action was due to a misapprehension of law,

would not seem to justify, under our cases, a loss of- commissions. *Babbitt* v. *Fidelity Trust Co.*, *72 N. J. Eq. 745; In re Johnston Estate, 127 N. J. Eq. 576; affirmed, 129 N. J. Eq. 104.*

Mrs. Rothenberg appeals from the decree, in so far as she is directed to pay costs and counsel fee to the Trust Company's solicitors, properly we think. Granted that as to her the litigation failed, she, as the natural guardian of her infant children, was performing a duty in instituting the litigation and she should not be penalized because she took the action. Because she was estopped by her own knowledge and acquiescence is no reason why she should be penalized, when her action tended to protect the minors for whose interest she was bound to exercise the greatest care.

The Trust Company must account for profits, if any made, in the purchase of their improper investments, to the extent of the infants' interest therein; to this extent the decree will be reversed.

The decree will also be reversed in the award of costs and counsel fee against Mrs. Rothenberg. Otherwise, it is affirmed.

No. 222 with 223, 224, 225—

*For affirmance*—WELLS, J. 1.

*For modification*—THE CHIEF-JUSTICE, PARKER, BODINE, HEHER, PERSKIE, PORTER, COLIE, DEAR, RAFFERTY, HAGUE, JJ. 10.

No. 225 with 222, 223, 224—

*For affirmance*—WELLS, J. 1.

*For modification*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, HEHER, PERSKIE, PORTER, COLIE, DEAR, RAFFERTY, HAGUE, JJ. 11.